UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

     v.                      CRIMINAL NO. 2:07cr150

COREY E. WHITE,

        Defendant.

## MEMORANDUM ORDER

This matter comes before the court on the Defendant's "Emergency Motion for Reduction, Commutation and Release from Sentence, Imprisonment Due to COVID-19" ("Motion"), filed pro se on April 9, 2020, ECF No. 95, and Memorandum in Support, ECF No. 96. In the Motion, the Defendant argues that his sentence should be reduced or he should be placed in home confinement or a halfway house because of the spread of the novel Coronavirus ("COVID-19").

### I. Applicable Law

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the court may modify a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." Id. Before the court may consider such a motion, however, the defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or there must have been a "lapse of 30 days from the receipt of such

a request by the warden of the defendant's facility." Id. § 3582(c)(1)(A).

Furthermore, any reduction under § 3582(c)(1)(A) must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A)(ii). As applicable here, the relevant policy statement states that the court may reduce a term of imprisonment if, after considering the factors in 18 U.S.C. § 3553(a), it determines that: 1) "[e]xtraordinary and compelling reasons warrant the reduction"; 2) "[t]he defendant is not a danger to the safety of any other person or to the community . . ."; and 3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13, p.s. The Commentary to § 1B1.13 defines certain circumstances that may qualify as extraordinary and compelling if they are met. See U.S.S.G § 1B1.13, cmt. (n.1).[1]

## II. Analysis

The court may not consider the Defendant's Motion at this juncture because he has not exhausted his administrative remedies. The Defendant does not allege that he requested that the Bureau of Prisons bring a motion on his behalf, or that thirty (30) days have lapsed since the warden of his facility received such a

---

[1] The court notes that there is disagreement among courts regarding whether this policy statement is still binding in light of the First Step Act of 2018. See United States v. Fox, No. 2:14-CR-03-DBH, 2019 WL 3046086 at *2 (D. Me. July 11, 2019) (collecting cases).

request. See 18 U.S.C. § 3582(c)(1)(A); United States v. Sundblad, No. CV 6:16-CR-00047-JMC, 2020 WL 1650041 at *2 (D.S.C. Apr. 3, 2020) ("[S]ince Defendant has failed to exhaust her administrative remedies, the court does not possess authority to grant relief under § 3582(c)(1)(A)(i).").

Furthermore, the Defendant has not argued that the exhaustion requirement should be waived, and does not present circumstances that would justify waiver. See, e.g., United States v. Feiling, No. 3:19cr112, 2020 WL 1821457 at *7 (E.D. Va. Apr. 10, 2020) (Novak, J.) ("[A]lthough the ongoing threat presented by COVID-19 and the novel coronavirus should by no means be understated, that threat alone, and Defendant's vulnerability to it, presents insufficient grounds to waive the exhaustion requirement[.]").[2] Compare United States v. Jones, 3:11cr249, slip op. at 2-3 (E.D. Va. Apr. 3, 2020) (Lauck, J.) (finding exhaustion futile because defendant had only twenty-three days remaining on sentence).

Finally, the Defendant also requests that he be placed in home confinement or a halfway house. Mot. at 12. Under the recently

---

[2] Even if the Defendant meets the exhaustion requirement, he still must show "extraordinary and compelling reasons" that warrant a reduction in his sentence, among other requirements. See supra Part I. The court notes that "[i]n the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Feiling, No. 3:19cr112, 2020 WL 1821457 at *7 (E.D. Va. Apr. 10, 2020) (Novak, J.); see id. (collecting cases).

passed CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), "if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement." Id., § 12003(b)(2), 134 Stat. at 516. This section, however, does not authorize the court to place a defendant in home confinement.

For these reasons, the Defendant's Motion is **DENIED**. The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to the Defendant and the United States Attorney at Norfolk.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

April 17, 2020